IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAWN PATRICK YORK, | ) | 8:15CV341 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RAVENNA CITY COUNCIL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Shawn Patrick York's Complaint (Filing No. 1). For the reasons discussed below, the court finds that York has failed to state a claim upon which relief may be granted against the City of Ravenna, Nebraska. On the court's own motion, York will be provided an opportunity to file an amended complaint.

## I. SUMMARY OF COMPLAINT

York named the Ravenna City Council ("city council") as the defendant in this case. York alleged he helped another individual, Sylvia Yanda, "with research to save her land from annexation." York alleged he has a verbal contract with Yanda "to develop[] some of her property," and the city is "trying to force a breach of contract" between them. (Filing No. 4 at CM/ECF p. 2.) He alleged the city council "unofficially told Officer Kegley to target him [and] have [him] arrested." In addition, York alleged Officer Kegley almost hit his wife with a Ravenna police truck. (Filing No. 4 at CM/ECF pp. 2-3.)

For relief, York seeks "removal" of the city council and the city's police department, and also for payment of restitution and this court's fees and costs. (Filing No. 4 at CM/ECF p. 5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* [28 U.S.C. § 1915(e)](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007)](#); *see also* [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)](#) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" [*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)](#) (quoting [*Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)](#)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." [*Topchian*, 760 F.3d at 849](#) (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under [42 U.S.C. § 1983](#), a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. [*West v. Atkins*, 487 U.S. 42, 48 (1988)](#); [*Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)](#).

## III. DISCUSSION

York sued the Ravenna City Council and alleges a violation of his civil rights. (Filing No. 4 at CM/ECF p. 4.) The court treats York's suit against the city council as a suit against the municipality itself, the City of Ravenna. Thus, the court must consider whether York has stated a claim upon which relief may be granted against the City of Ravenna.

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2015 WL 9461490, at *5 (E. D. Mo. Dec. 28, 2015) (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

York's Complaint does not allege the existence of an official municipal policy or an unofficial custom. Rather, he alleges only that the Ravenna City Council instructed a law enforcement officer to "target him" and this same officer almost hit his wife with a city vehicle. While York need not specifically plead or identify an unconstitutional policy or custom, at the very least, he must allege facts that would support the *existence* of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). He has not done so here.

On the court's own motion, the court will give York 30 days in which to file an amended complaint that states a claim upon which relief may be granted against the City of Ravenna.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, York will have 30 days in which to file an amended complaint that states federal claims upon which relief may be granted. York must clearly designate on the face of the document that it is his amended complaint. In addition, to avoid confusion, the amended complaint must clearly display the case number.

2. The clerk of the court is directed to set the following pro se case management deadline: March 4, 2016: check for amended complaint.

3. The court will conduct further review of any amended complaint filed in this case to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915](28 U.S.C. § 1915).

DATED this 3rd day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge